UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW MCNULTY,<br><br>                      Plaintiff,<br><br>  -against-<br><br>EZE CASTLE INTEGRATION, INC.,<br><br>                      Defendant. | 24-CV-09983 (VSB) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

       Defendant filed a letter-motion to stay discovery (ECF 66) pending a decision on Defendants' motion to dismiss the complaint (ECF 66).

       Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g.*, *Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). After reviewing the complaint (ECF 1), the memorandum in support of the motions to dismiss and stay discovery (ECF 67), Plaintiff's responses to Defendant's motions (ECF 71), and Defendant's reply brief in further support of the motions to dismiss and stay discovery (ECF 74), I conclude that Defendant has met its burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. However, the complaint covers the terms of Plaintiff's employment, the parties' agreement(s) about those terms, Plaintiff's job performance, and Defendant's financial performance. Therefore, the discovery sought is likely to be somewhat broad, which, while not dispositive, weighs in favor of a stay of discovery. *See Richardson*, 2024 WL 2003340, at *1. The strength of the underlying motion to dismiss also counsels in favor of granting a stay. This is the case because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this conclusion, predict the outcome of the motion. However, Defendant's memorandum of law in support of the motion provides substantial arguments for dismissal of several, if not all, of the claims set out in the complaint. Those arguments are supported by case law from this Circuit, and so I cannot conclude that Defendant's motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson*, 2024 WL 2003340, at *2. Plaintiff has identified no prejudice to him from a stay of discovery.

For the foregoing reasons, Defendant's motion to stay discovery is GRANTED.

DATED: June 6, 2025
New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge