UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                    :

MATTHEW MCNULTY,                 :
                                      :

                     Plaintiff,   :
                                      :          24-CV-9983 (VSB) (RFT)

        - against -        :
                                      :         **<u>OPINION & ORDER</u>**

EZE CASTLE INTEGRATION, INC.,   :
                                      :

                   Defendant.   :
--------------------------------------------------------X

<u>Appearances</u>:

Aaron R. Easley
Sessions, Israel & Shartle, LLC
Flemington, NJ

Michael Schuette
William Jason Cantrell
Cantrell Astbury Kranz, P.A.
Tampa, FL

Warren Dean Astbury
Astbury Law, PLLC
Bloomfield Hills, MI

*Counsel for Plaintiff*

Capri Trigo
Ana M. Perez
Gordon & Rees LLP
Miami, FL

Frances Codd Slusarz
Mark A. Beckman
Gordon Rees Scully Mansukhani
New York, NY

Karen Gillen
Greenberg Traurig
Phoenix, AZ

*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On January 30, 2024, Plaintiff Matthew McNulty ("Plaintiff") filed this action against Defendant EZE Castle Integration, Inc. ("ECI" or "Defendant") in the United States District Court for the Middle District of Florida, alleging claims for breach of contract, breach of an oral contract, breach of the implied covenant of good faith and fair dealing, and, in the alternative, for quantum meruit.  (*See generally* Doc. 1 ("Compl.").)  On December 26, 2024, after Defendant filed a motion to transfer and Plaintiff consented to that motion, this action was transferred to this Court.  (Doc. 49.)

On March 21, 2025, Defendant filed a motion to dismiss and a motion to stay discovery. (Docs. 66–67.)  On March 27, 2025, I referred the case to Magistrate Judge Robyn F. Tarnofsky for a Report & Recommendation on Defendant's motion to dismiss.  (Doc. 68.)  Plaintiff filed his opposition to the motion to dismiss on April 30, 2025.  (Doc. 71.)  On May 27, 2025, Defendant filed a reply.  (Doc. 74.)  On June 6, 2025, Judge Tarnofsky granted Defendant's motion to stay discovery pending a decision on the motion to dismiss.  (Doc. 75.)

On January 28, 2026, Judge Tarnofsky issued a 43-page Report and Recommendation (the "Report and Recommendation" or "Report") recommending that I:  (1) deny in part Defendant's motion to dismiss on the breach of oral contract and quantum meruit claims; and (2) grant in party Defendant's motion, dismissing with prejudice the claims for breaches of the implied covenant of good faith and fair dealing, and dismissing without prejudice the claim for breach of the offer letter with leave for filing of an amended complaint.  (*See generally* Doc. 79 ("Report").)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report

and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." (internal quotation marks omitted)).

Although the Report explicitly provided that "[t]he parties shall have fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure," (Report 42–43), no party filed an objection. Indeed, the parties clarified that they have "agreed to forgo any objections to the [Report]." (Doc. 88.) I have reviewed Judge Tarnofsky's detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore ADOPT the Report and Recommendation in its entirety.

Plaintiff has also requested leave to file an Amended Complaint, which Defendant has consented to. (*Id.*) Accordingly, Plaintiff is granted leave to file an amended complaint no later than 30 days from the date of this Opinion & Order. The Clerk of Court is respectfully directed to close the motion at Document 66.

SO ORDERED.

Dated:     March 27, 2026
           New York, New York

Vernon S. Broderick
United States District Judge

3