UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW MCNULTY,

Plaintiff,

-against-

EZE CASTLE INTEGRATION, INC.,

Defendant.

24-CV-9983 (VSB) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Defendant's motion to stay discovery pending a decision on its motion to dismiss the operative complaint (ECF 100) is before the Court. (*See* ECF 108.)

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). The party seeking the stay bears the burden of showing good cause for the stay. *See Psychic Readers Network, Inc. v. A&E Television Networks LLC*, No. 24-CV-8155 (DEH), 2025 WL 1380956, at *1 (S.D.N.Y. May 13, 2025). After reviewing the operative complaint (ECF 100), the memorandum in support of the motion to dismiss (ECF 109), the memorandum opposing the motion to dismiss (ECF 116), the letter-motion for a stay of discovery (ECF 108), and the response to the

letter-motion to stay discovery (ECF 117), I conclude that Defendant has not met its burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. Defendant notes that it "anticipates that the discovery sought by Plaintiff will be voluminous." (ECF 108 at 2.) However, Defendant provides no basis for this conclusion. Plaintiff counters that a single-employee compensation dispute will not lead to voluminous discovery and asserts that the discovery it seeks immediately would be narrow and proportional. (ECF 117 at 2.) Defendant has not established that the scope of the anticipated discovery counsels in favor of a stay. See *Richardson*, 2024 WL 2003340, at *1.

The strength of the underlying motion to dismiss also counsels against granting a stay, because the Court has already held that at least some of Plaintiff's claims shall proceed, so that some discovery will be required under any circumstances. (ECF 91.)

Plaintiff argues that he will be prejudiced by a stay because he filed suit in January 2024 and the case was stayed for several months while Defendant's motion to dismiss the original complaint was pending. (ECF 117 at 3-4.) Defendant argues that the passage of a reasonable amount of time is not, by itself, sufficient to show prejudice. (ECF 108 at 3.) This factor counsels in favor of granting a stay.

On balance, the relevant factors counsel against granting the requested stay, because there is no indication the discovery sought will be overly broad and because some discovery must be exchanged in any event. For the foregoing reasons, Defendant's motion to stay discovery is DENIED. The Clerk of Court is respectfully requested to terminate ECF 108.

DATED: September 11, 2026
New York, NY

SO ORDERED

[signature]

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE