UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW MCNULTY,<br>Plaintiff,<br>-against-<br>EZE CASTLE INTEGRATION, INC.,<br>Defendant. | 24-CV-9983 (VSB) (RFT)<br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Defendant's motion for reconsideration of my order declining to issue a stay of discovery (ECF 118). (ECF 119.) Defendant argues that the order contained two errors – that I was incorrect to say there will be discovery in this case under any circumstances because Defendant has moved to dismiss all counts in the amended complaint; and that I did not discuss the important question of lack of prejudice to Plaintiff in balancing the factors and concluding that on balance, the factors supported denying a stay. (*See* ECF 120 at 1.) Defendant also argues that there is relevant new evidence – that, since I issued my prior order, Plaintiff served voluminous discovery requests. (*See id.* at 2.)

I begin from the premise that Courts have wide discretion in managing their own dockets, which includes deciding whether to stay discovery. *See Best Partners Mortg. Coop., Inc. v. Plaza Home Mortg., Inc.*, No. 24-CV-5184 (LTS) (JW), 2025 WL 419293, at *1 (S.D.N.Y. Jan. 24, 2025). I also note that the Federal Rules of Civil Procedure do not provide for an automatic stay of discovery upon the filing of a motion to dismiss, and that a party seeking a stay of discovery bears the burden of showing that a stay is warranted. *See Idle Media, Inc. v. Create Music Grp.,*

*Inc.*, No. 24-CV-0805, 2024 WL 2946248, at *1 (S.D.N.Y. June 11, 2024) ("[A] motion to dismiss does not automatically stay discovery[.] . . . The court may only grant a motion to stay discovery pending decision on a motion to dismiss only upon a showing of good cause, which movant bears the burden of showing.").[1]

I stand by my conclusion that discovery will go forward under any circumstances. I concluded in my report and recommendation on the motion to dismiss the original complaint that the original complaint stated two plausible claims – for breach of oral contract and quantum meruit. (*See* ECF 79 at 42.) Defendant did not object to that report and recommendation, and Judge Broderick adopted it after review for clear error, concluding that there was none. (ECF 91, March 27, 2026 Opinion & Order at 3.) The amended complaint includes the same allegations in support of those claims, and Defendant's motion to dismiss directed at those claims raises no new arguments. (*See generally* ECF 100, Amended Compl.; ECF 106, Mot. to Dismiss the Amended Compl.) I therefore see no likelihood that I would alter my recommendation that those claims be permitted to proceed. And Judge Broderick already ruled that the original report and recommendation had no clear error; thus, even if Defendant objects to the forthcoming report and recommendation on the motion to dismiss the amended complaint, I do not think it is likely that he will conclude that the amended complaint fails to state claims for breach of oral contract and quantum meruit upon de novo review.

As to Defendant's assertion that Plaintiff's recently propounded discovery demands show that the scope of discovery would be broad and burdensome, I note that Defendant may

---

[1] Unless otherwise indicated, this order omits internal quotation marks, citations, and alterations from quoted text.

seek a protective order to the extent that it believes any of the requested discovery is disproportionate to the needs of the case. I have no intention of permitting overly broad discovery. This is a two-party breach of contract case, and there is no reason that the discovery exchanged needs to be burdensome. Defendant's assertion that the requests propounded by Plaintiff are too broad, which can be addressed through the meet and confer process followed by a request for Court intervention if necessary, does not counsel in favor of putting off all discovery in a case that was filed in January 2024 and that originally had a March 2025 cutoff for concluding discovery.

To the extent that my prior order was unclear, I conclude that the combination of (1) the expectation that some discovery will be exchanged under any circumstances and (2) my belief that discovery will be not be overly broad, taken together, outweigh the fact that the lack of specific prejudice to Plaintiff cuts against denying the requested stay.

The Clerk of Court is respectfully requested to terminate ECF 119. The parties shall file an amended joint proposed case management order by **October 16, 2026**.

DATED: September 29, 2026

New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge